UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:14-CR-85-KAC-DCP-2 |
| REBECCA J. BURRESS, | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Rebecca J. Burress filed a motion to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A) due to the dangers of the COVID-19 pandemic in light of her health conditions [Doc. 893]. The Federal Defender Services of Eastern Tennessee has reviewed her motion and declined to file any additional pleadings [Doc. 897]. The United States opposes her motion to reduce her sentence [Doc. 907]. Because the relevant factors in 18 U.S.C. § 3553(a) do not support a modification, the Court denies her request for a reduced sentenced.

I.  *Background*

On July 16, 2014, a grand jury indicted Defendant for (1) conspiracy to manufacture fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), (2) conspiracy to distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and (3) possession of equipment, chemicals, products, and materials used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) [Doc. 4]. The charges arose from Defendant's participation in a methamphetamine manufacturing and trafficking conspiracy with twenty-one (21) other individuals [*Id.*]. On October 22, 2014, Defendant pled guilty to one count of conspiracy to manufacture fifty (50) grams or

more of methamphetamine and one count of conspiracy to distribute fifty (50) grams or more of methamphetamine [Doc. 226]. Defendant manufactured and sold methamphetamine in a home that she shared with her two minor children [Doc. 907]. She committed the offenses while on supervised release for a federal conviction for embezzlement [Doc. 292 at ¶ 64]. This was Defendant's second conviction for a controlled substance offense [*Id.* at ¶ 62].

Defendant was subject to a mandatory minimum term of at least 120 months' imprisonment up to a maximum term of life imprisonment, with an advisory guidelines range of 262 to 327 months imprisonment [*Id.* at ¶¶ 79-80]. Given Defendant's total offense level, criminal history, and the Section 3553(a) factors, the Court sentenced her to a below-guidelines sentence of 188 months' imprisonment, concluding that the 188-month sentence was sufficient, but not greater than necessary to accomplish the purposes of sentencing [Doc. 711]. To date, Defendant has served approximately ninety-three (93) months of her sentence [Doc. 907-1].

Defendant now moves the Court to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A) [Doc. 893]. In support of her request, Defendant, who is 39 years old, argues that her obesity and the long-term effects from a prior COVID-19 infection place her at an elevated risk of complications from COVID-19 were she to contract the disease again while incarcerated [*Id.* at 2-3]. Defendant also states that she is "a model of rehabilitation" [*Id.* at 6]. Defendant submitted a request for compassionate release with the Bureau of Prisons (BOP), and the BOP denied her request on July 28, 2021 [*Id.* at 2].

The United States opposes Defendant's motion on the grounds that she "has not shown that her release would be consistent with 18 U.S.C. §§ 3553(a) and 3582(c)(1)(A)" [Doc. 907 at 1]. It provided BOP medical records showing that Defendant has been vaccinated against COVID-19. [Doc. 908 at 68-70]. The United States additionally notes that Defendant tested positive for

2

COVID-19 in December 2020, remained largely asymptomatic, and recovered [Doc. 907 at 2]. The Government asserts that Defendant's rehabilitation alone does not warrant a reduction in sentence and that the relevant Section 3553(a) factors weigh heavily against Furguson's immediate release [*Id.* at 8-9]. The United States notes the seriousness of the offense and that, even accounting for earned and projected good-time credit, Defendant has over six (6) years remaining on her sentence [*Id.*].

II. *Analysis*

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). If that threshold requirement is met, a district court may reduce a sentence where the Court finds that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted). The "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

3

Because consideration of the Section 3553(a) factors is dispositive, the Court begins its analysis there.[1] Defendant is serving a 188-month sentence for manufacturing and distributing a significant amount of methamphetamine [Doc. 711]. Some of the offense conduct took place in a home that she shared with her two minor children [Doc. 907]. To date, the Bureau of Prisons projects that she still has approximately (6) years to serve on that sentence [Doc. 907-1]. Reflecting the seriousness of the offense, it carries a statutory minimum sentence of 120 months of imprisonment. 21 U.S.C. § 841(b)(1)(A). Defendant also has a significant history of criminal conduct—including a prior conviction involving methamphetamine [Doc. 292 ¶¶ 60-65]. *See* 18 U.S.C. § 3553(a)(1). As such, the nature and circumstances of the instant offense and history and characteristics of Defendant counsel against a sentence reduction, and the public still requires protection from potential further crimes of Defendant. *See* 18 U.S.C. § 3553 (a)(1), (a)(2)(C). In addition, the fact that she committed the instant offenses while serving a term of supervised release for another federal conviction indicates that she has not yet been adequately deterred from criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). Moreover, the Court initially sentenced Defendant to a term of imprisonment below the advisory guidelines, and any further reduction in sentence might result in an unwarranted sentence disparity with similarly situated offenders. *See* 18 U.S.C. § 3553(a)(6). This is especially true where the offense of conviction carries a 120-month mandatory minimum sentence but defendant has not yet served even the statutory mandatory minimum sentence [*See* Doc. 907 at 8-9]. While obesity may leave Defendant at greater risk of complications were she to contract COVID-19 again, she has both recovered from and been vaccinated for COVID-19, giving her broad protection from severe disease and death should she contract the

---

[1] As a threshold matter, Defendant has satisfied the initial exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) by submitting a request for compassionate release with the warden of her facility more than thirty (30) days ago [Doc. 893 at 9-14].

virus [*See* Doc. 907 at 7-8]. *See also United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). The Court also commends Defendant for her rehabilitation efforts so far. However, the nature and circumstances of the instant offense, the history and characteristics of Defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need for the sentence imposed to afford adequate deterrence to criminal conduct, the need for the sentence imposed to protect the public from further crimes of the defendant, and the need to avoid unwarranted sentencing disparities weigh against providing a sentence reduction at this time.

Having considered all of the Section 3553(a) factors, a reduction of Defendant's sentence is not appropriate. Because the Section 3553(a) factors do not support a modification, the Court need not specifically address the other prerequisites listed in Section 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. Accordingly, the Court **DENIES** Defendant's motion for compassionate release [Doc. 893].

IT IS SO ORDERED

s/ Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge