UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:14-CR-85-KAC-DCP-2 |
| | ) | |
| REBECCA J. BURRESS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Rebecca J. Burress filed a motion asking the Court to "convert[ ] the remainder of [her] home detention to supervised release" [Doc. 942]. The Court liberally construes Defendant's Motion as a motion for compassionate release under 18 U.S.C. § 3582(c). However, because Defendant has not administratively exhausted her claim, it is not appropriate for the Court to grant the relief she requests. *See id.* at § 3582(c)(1)(A).

**I.      Background**

On July 16, 2014, a grand jury indicted Defendant, along with twenty-one (21) co-conspirators, for (1) conspiracy to manufacture fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); (2) conspiracy to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); and (3) possession of equipment, chemicals, products, and materials used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6) [Doc. 4]. On October 22, 2014, Defendant pled guilty to one count of conspiracy to manufacture fifty (50) grams or more of methamphetamine and one count of conspiracy to distribute fifty (50) grams or more of

methamphetamine [Doc. 226].  Notably, Defendant manufactured and sold methamphetamine in a home that she shared with her two minor children [Doc. 292 ¶ 40].  Defendant committed these offenses while on supervised release for a federal conviction for embezzlement, [*Id.* ¶ 64], and this was her second conviction for a controlled substance offense, [*Id.* ¶ 62].

Defendant was subject to a statutory mandatory minimum of 120 months' imprisonment up to life, with an advisory guidelines range of 262 to 327 months' imprisonment [*Id.* ¶¶ 79-80]. Given Defendant's total offense level, criminal history, and the Section 3553(a) factors, the Court sentenced her to a below-guidelines sentence of 188 months' imprisonment, concluding that the 188-month sentence was sufficient, but not greater than necessary to accomplish the purposes of sentencing [Doc. 711].

On September 14, 2021, Defendant filed a motion for compassionate release based on her COVID-19 risk [Doc. 893].  The Court denied Defendant's motion, concluding that the 18 U.S.C. § 3553(a) factors weighed against her release [Doc. 926].  On February 1, 2022, the Bureau of Prisons transferred Defendant to home confinement for the remainder of her custodial sentence [*See* Doc. 947-1].

Defendant now moves the Court to "convert[ ] the remainder of [her] home detention to supervised release" [Doc. 942 at 1].  In support, Defendant asserts that "home detention is very difficult" [*Id.*].  She states that having to schedule a movement itinerary with the Bureau of Prisons in advance "negatively affects [her] flexibility and value at work" because she cannot work overtime without prior approval [*Id.*].  And she argues that terminating her custodial term would allow her to "be[ ] available" for family members, "volunteer at [her] church," and "pick up basic essentials" for herself [*Id.* at 2].  Defendant has served approximately 108 months of her 188-month custodial sentence, including the past sixteen (16) months on home confinement

2

[Doc. 947-2].  She is expected to complete her custodial sentence on November 18, 2026.  *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed July 13, 2023).  The United States opposes Defendant's  Motion, objecting that as an initial matter, Defendant has "not satisfied the mandatory exhaustion requirement" to seek compassionate release [*See* Doc. 947 at 4].

## II.       Analysis

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute."  *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013).  18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence.  As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the . . . [individual's] behalf" or  thirty (30) days must have elapsed "from the receipt of such a request by the warden of the . . . [individual's] facility," whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).  If that threshold requirement is met, a district court may reduce a sentence where the Court finds that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted).

Here, there is no evidence that Defendant administratively exhausted her claim prior to filing the instant Motion.  And the United States appropriately asks the Court to enforce the statutory exhaustion requirement [*See* Doc. 947 at 4].  *See also United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017))).

Accordingly, the Court denies Defendant's Motion on this ground. *See Alam*, 960 F.3d at 832 ("[B]ecause this exhaustion requirement serves valuable purposes . . . and because it is mandatory . . . , we must enforce it").

Further, even if the Court considered Defendant's Motion, it would deny it on the merits. As the Court explained in its prior "Opinion and Order Denying Motion for Compassionate Release" [Doc. 926], the Section 3553(a) factors do not support a reduction of Defendant's sentence, [Doc. 926 at 4-5]. And Defendant does not cite any significant changed circumstances that would alter the Court's previous determination that "the nature and circumstances of the instant offense, the history and characteristics of Defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need for the sentence imposed to afford adequate deterrence to criminal conduct, the need for the sentence imposed to protect the public from further crimes of the defendant, and the need to avoid unwarranted sentencing disparities weigh against providing a sentence reduction" [*Id.* at 5]. Having considered all of the Section 3553(a) factors, a reduction of Defendant's sentence is not appropriate.

Accordingly, the Court **DENIES** Defendant's Motion [Doc. 942].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge